OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff seeks an order (a) enforcing paragraph 14(B) of the separation agreement between these parties, (b) appointing a psychiatrist to examine the parties’ infant son, and (c) requiring defendant to pay all costs related to this proceeding and an interim counsel fee of $3,000. Defendant asks for an award of costs and counsel fees incurred in this proceeding.
FACTS
The parties were divorced on February 7, 1977, in a judgment that incorporated a separation agreement dated December 22, 1976, which agreement was not merged therein but survived. This dispute has arisen as a result of the parties’ inability to agree as to the present necessity or reasonableness of psychological or psychiatric treatment for their 12-year-old son.
In a separate contract action, plaintiff is seeking to recover $5,540 that she has already expended for a psychiatrist for treating the boy, since defendant has refused to reimburse plaintiff for these expenses. Plaintiff has discontinued the son’s treatment pending a determination that further treatment is reasonable and necessary.
*504 DISCUSSION
The resolution of the issues raised herein turns upon the meaning of paragraph 14(B) of the parties’ separation agreement: “(B) The Husband shall pay all reasonable expenses for psychological or psychiatric treatment for each Child until emancipation. Dr. Jerry Ritigstein’s decision as to necessity or reasonableness of any such expense shall be final and binding on the parties.”
Paragraph 14(B) empowers Dr. Ritigstein to make a binding determination on the question of reasonableness and necessity for psychiatric or psychological treatment for the parties’ son, but the only evidence plaintiff has submitted on this point is her handwritten letter to defendant relating the details of her conversation with Dr. Ritigstein concerning an independent evaluation of the boy. Absent Dr. Ritigstein’s decision as to necessity or reasonableness, this court obviously lacks power to require defendant to cooperate in a determination that has not yet been made.
Plaintiff’s second request, namely, that I appoint a psychiatrist “to examine the parties’ son to aid the Court in making such a determination” of reasonableness and necessity for treatment is contrary to the plain meaning of paragraph 14(B)’s language giving Dr. Ritigstein the sole authority to make this decision. Although plaintiff alleges that Dr. Ritigstein does not wish to continue in his role as “arbitrator” between these parties, there is no other independent evidence supporting this assertion except for her statement. Absent some proof of his resignation by his action or inaction, it would be improper for this court to appoint a psychiatrist in contravention of the clearly expressed intention of the parties.
The parties agreed that Dr. Ritigstein would act in the capacity of an arbitrator regarding the issues of whether their son requires psychiatric or psychological attention and the reasonableness of the cost thereof. Although Dr. Ritigstein has issued a very lengthy report, dated February 6, 1980, in which he discusses the interpersonal relationship and disputes between the parties and their resulting impact upon the child, he fails to address the question of whether there is any further need for psychiatric treatment of the son. In fact, he had “supported” defendant’s *505 “wish that Dr. Allan Levy be consulted for his impressions as to whether David [the son] needed continued treatment” and “agreed to work closely with Dr. Levy *** so that Dr. Levy could make an adequate judgement [sic]”. Dr. Ritigstein exceeded his authority because the agreement expressly declares that he and he alone may act as arbitrator. The power of an arbitrator does not include the right to name a successor-arbitrator, which, in effect, is what Dr. Ritigstein did, unless the agreement so specifies. The parties did not so agree and the general provisions of the CPLR article applicable to arbitrators would apply to this situation even though the subject matter is the need for psychiatric treatment.
Therefore, Dr. Ritigstein must either make a decision as to the necessity for psychological or psychiatric treatment and/or the reasonableness of the cost thereof or must resign as the arbitrator. He cannot delegate this duty to another. Under CPLR 7504, a vacancy in the position of an arbitrator may be filled according to either the rules the parties agreed to, for example, those of the American Arbitration Association (which is not the case here) or by the court. Furthermore, it is always the dominant power of the court, in similar circumstances, to act in parens patriae, especially insofar as it relates to the health and best interests of a child. The court should not interfere with Dr. Ritigstein’s determination as an arbitrator unless he acts illegally, improperly delegates or fails to exercise his authority, in which case the court must step in and take appropriate action.
Lastly, neither party has presented sufficient evidence to justify an award of either costs or counsel fees incurred in connection with this proceeding.
CONCLUSION
Based upon the foregoing, plaintiff’s motion is, in all respects, denied. Both plaintiff’s and defendant’s requests for costs and counsel fees are denied with leave to renew.